8]　　　　JANUARY TERM, 1927.　　　　139

Chicago, M. & St. P. R. Co. v. Malleable I. R. Co. 192 Wis. 139.

CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY,
　　Appellant, vs. MALLEABLE IRON RANGE COMPANY,
　　Respondent.

*January 11—February 8, 1927.*

*Carriers: Loss and damage claims: Recovery of money paid on false
affidavit: Evidence: Sufficiency.*

> In an action by a carrier for a refund of a consignee's damage
> claim, the evidence is *held* to sustain a finding that the affidavit
> on which the carrier paid the claim was not false.

APPEAL from a judgment of the circuit court for Dodge
county: C. M. DAVISON, Circuit Judge. *Affirmed.*

Action to recover money paid defendant by mistake.
Plaintiff, a railroad corporation, alleged that defendant
filed a claim against plaintiff for damages to an interstate
shipment of steel from Lackawanna, New York, to Beaver
Dam, Wisconsin, consigned to defendant by the Seneca
Iron & Steel Company; that it paid such claim relying upon
an affidavit of one Quinn, an employee of the Seneca Com-
pany, presented to it by defendant, to the effect that the car
was in good order when shipment was made, whereas such
affidavit was false in fact.

The case was tried before the court and a jury. Both
parties moved for a directed verdict. The jury was dis-
charged and the court made findings of fact, among others
the following: "That said affidavit of Hugh P. Quinn was
not incorrect and that the same was not false."

Upon the findings, judgment was entered dismissing
plaintiff's complaint, from which judgment plaintiff appealed.

For the appellant there were briefs by *H. J. Killilea* and
*Rodger M. Trump,* both of Milwaukee, and *James F. Ma-
lone* of Beaver Dam, and oral argument by *Mr. Trump.*

For the respondent there was a brief by *Clark & Lueck*
of Beaver Dam, and oral argument by *Arthur W. Lueck.*

CROWNHART, J. The claim of the appellant in substance is that the finding of the court that the affidavit of Quinn was not false or incorrect is not sustained by the evidence.

A careful review of the evidence convinces us that there was sufficient evidence to sustain the finding of the court.

The South Buffalo Company delivered the car for loading to the Seneca Iron & Steel Company, which company was agent for the Sheet Metal Manufacturing Company, on May 28, 1920. The record of the South Buffalo Company of that day shows the car marked "Empty, O. K." Quinn testified that the car was inspected by employees of the South Buffalo Company. It was spotted for loading and loaded on the same day. A shipper's order was then given to the South Buffalo Company, dated May 28, 1920, by the Sheet Metal Manufacturing Company, showing car sealed sides and ends. On the same day the South Buffalo Company gave the Sheet Metal Manufacturing Company a straight bill of lading for the car of steel, for shipment to respondent at Beaver Dam, Wisconsin. This bill showed car sealed sides and ends. The records of the South Buffalo Company show the car "Steel, O. K." on the 29th. On the 31st the records show "Cut roof, tins leaky, not fit for Seneca." On June 1st the car was interchanged to the New York Central. Quinn testified he would not dare load a leaky car with steel. He said the car was fit when loaded. If he put his initials after the report of the car on May 31st, he explained that must have been after the car had moved out of possession of the Seneca Company, and the records clearly bear him out in that assumption. The court might well find from the written records that the car was inspected May 28th and reported fit for steel; that it was loaded on that day; that a straight bill was issued by the connecting carrier and the car moved out in its yards; that the car was inspected again May 29th, after it was loaded and out of possession of the Seneca Company, and again found O. K. and

loaded with steel; that on May 31st it was found that the roof was in bad order and leaky. But when found in bad order it had passed from the shipper to the carrier. No one seemed to know how Quinn's initials came to be put after the notation of May 31st. Quinn had no independent recollection of the matter. He did not admit that he signed his initials. It is plain, however, that the car had been moved after loading before the discovery of its bad-order condition, if the records of the company are correct. The finding of the court that Quinn's affidavit was not false nor incorrect, being sustained by the evidence, disposes of the case.

*By the Court.*—The judgment of the circuit court is affirmed.